# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

**FILED**

2009 SEP 21 ᴾ 12: 33

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE FLORIDA

Kevin Ruttle

Plaintiff,

v.

Adam Jeffrey Katz, PA

Defendant.

Case No.:

Judge:

**COMPLAINT FOR DAMAGES
UNDER THE FAIR DEBT COLLECTION
PRACTICES ACT AND OTHER
EQUITABLE RELIEF**

**JURY DEMAND ENDORSED HEREIN**

3:09-cv-960-J-34 JRK

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

2. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

3. Plaintiff incurred a "debt" as defined by 15 U.S.C. §1692a(5).

4. At the time of the communications referenced herein, Defendant either owned the debt or was retained by the owner to collect the debt.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

6. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

7. On or around April 27, 2009, Defendant telephoned Plaintiff's place of employment and spoke to Plaintiff's coworker ("Josh").

8.  During this communication, Defendant disclosed to Josh that Plaintiff owed the debt and claimed that Defendant intended to garnish Plaintiff's wages.

9.  On or around June 2, 2009, Defendant telephoned Plaintiff's place of employment and spoke to Plaintiff.

10. During this communication, Defendant falsely represented that a courier was on his way to deliver court papers to Plaintiff's place of employment and that the courier was being escorted by a deputy police officer.

11. During this communication, Defendant told Plaintiff that Plaintiff could prevent this service if Plaintiff telephoned a number provided by Defendant.

12. On or around June 2, 2009, Plaintiff telephoned the number provided by Defendant and spoke to Defendant.

13. During this communication, Defendant threatened to garnish $400 a month from Plaintiff's pay check unless Plaintiff agreed to a payment arrangement on the debt.

14. During this communication, Defendant falsely represented that Defendant would serve Plaintiff with a summons the following morning unless Plaintiff sent Defendant a check by the end of business that day.

15. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

16. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

17. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

18. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

19. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

20. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party and disclosed that Plaintiff owed the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

21. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

22. Defendant violated 15 U.S.C. §1692e in that it falsely represented the character, amount, and/or legal status of the debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

23. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

24. Defendant violated 15 U.S.C. §1692e in that it threatened action that could not legally be taken and/or that was not intended to be taken.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. Defendant violated 15 U.S.C. §1692e by making misrepresentations during its communications with Plaintiff.

## COUNT SIX

### Violation of the Fair Debt Collection Practices Act

27. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

28. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or

unconscionable means to collect the debt.

## JURY DEMAND

29. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

30. Plaintiff prays for the following relief:

    a.  Judgment against Defendant for actual damages, statutory damages, and costs and

        reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b.  For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, LLP

By:_____

    Helene Karen Gatto
    Bar # 0190527
    2901 West Busch Blvd, Suite 201
    Tampa, FL 33618
    Telephone: 866-339-1156
    Email: kga@legalhelpers.com
    Attorneys for Plaintiff